UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| LARRY T. OUTLAW, | ) |
|---|---|
| Petitioner, | ) |
| | ) CIVIL NO. 3:12cv697 |
| v. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Larry T. Outlaw, a *pro se* prisoner, filed a habeas corpus petition challenging his prison disciplinary proceeding which was held at the Indiana State Prison on December 12, 2011. In case number ISP 11-11-400, the Disciplinary Hearing Body (DHB) found him guilty of threatening in violation of B-213. Mr. Outlaw was deprived of 90 days earned credit time.

Mr. Outlaw argues that it was a denial of due process for the DHB to have refused to perform a lie detector test on the employee who wrote the conduct report. This is not the first time that Mr. Outlaw requested and was denied a lie detector test in a prison disciplinary hearing. This is also not the first time that he has raised this claim in a habeas corpus petition. *See Outlaw v. Superintendent*, 3:07-cv-054 (N.D. Ind. filed February 9, 2007) and *Outlaw v. Superintendent*, 3:12-cv-130 (N.D. Ind. filed March 15, 2012). In those cases, he was told that prisoners do not have the right to confront and cross examine witnesses, either in person or via a lie detector test. *See Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). He was told that prisoners do not have the right to demand that they be given a lie detector test. *See Freitas v. Auger*, 837 F.2d 806, 812 n.13 (8th Cir. 1988). He was told that prisoners have the right to submit relevant exculpatory evidence, but not a right to have evidence created which does not already exist. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)

("Prison officials must have the necessary discretion to keep the hearing within reasonable limits."). Mr. Outlaw already knows that he cannot request a lie detector test and he knows that the denial of a lie detector test is not a basis for habeas corpus relief.

Mr. Outlaw argues that it was a denial of due process for the DHB to have refused to give him a list of the names of every employee at the Indiana State Prison. This too is not the first time that Mr. Outlaw has made such an unreasonable and over broad request. *See Outlaw v. Superintendent*, 3:12-cv-126 (N.D. Ind. filed March 13, 2012) and *Outlaw v. Superintendent*, 3:12-cv-130 (N.D. Ind. filed March 15, 2012). In those cases he was told that massive lists of prison employees were not relevant those hearings and therefore refusing to provide them was not a denial of due process. *See Wolff*, 418 U.S. at 556. Mr. Outlaw has presented no explanation for how a list of every employee at the Indiana State Prison could be either relevant or exculpatory. Mr. Outlaw knows that the denial of over broad, irrelevant lists staff is not a basis for habeas corpus relief.

Mr. Outlaw argues that it was a denial of due process for the DHB to have refused to give him a copy of prison policy #06-44. This was not the first time that Mr. Outlaw has requested a copy of a rule during a DHB hearing. Nor is it the first time he has argued in a habeas corpus petition that he was denied due process when the DHB refused to grant that request. *See Outlaw v. Superintendent*, 3:07-cv-055 (N.D. Ind. filed February 9, 2007). Mr. Outlaw knows that a policy is not evidence. He knows that it is unnecessary to submit a physical copy of a rule during a DHB hearing. He knows that if a policy is relevant, he needs to explain its relevance at the hearing, not request a paper copy of the policy. Mr. Outlaw knows that the denial of a paper copy of a policy is not a basis for habeas corpus relief.

Mr. Outlaw argues that it was a denial of due process for the DHB to have refused to make "a copy of petitioner's dick" [DE 1 at 4]. Yes, you read that correctly, Mr. Outlaw wanted to submit a copy of his penis to the DHB. It does not appear that Mr. Outlaw has previously raised such a claim in a habeas corpus petition. However, he should have known better without having to be told. This request was vulgar and irrelevant to the proceedings. Mr. Outlaw was charged with threatening. A picture of his penis could not have demonstrated his innocence or otherwise have assisted the hearing officer in making a determination. Such a request was merely an attempt to harass the hearing officer and disrupt the hearing. Nevertheless, to the extent that Mr. Outlaw did not understand that it was unnecessary and improper to request a copy of his penis, he knows now. Moreover, he is cautioned that if he presents such a claim in the future, he may be fined, sanctioned, or restricted. *See Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989) ("Abuses of process . . . are to be sanctioned.")

Mr. Outlaw also requested several statements from staff, including the hearing officer. All of those requests were denied because none of the named staff witnessed the events giving rise to the charge in this case. This is not the first time that Mr. Outlaw attempted to call staff who were not present during the events about which he was charged. *See Outlaw v. Superintendent*, 3:12-cv-126 (N.D. Ind. filed March 13, 2012). Mr. Outlaw knows that he is only entitled to submit relevant, exculpatory evidence. *See Wolff*, 418 U.S. at 564. Mr. Outlaw knows that these staff, who did not observe the charged event, have no such evidence to present. He knows that this is not a basis for habeas corpus relief.

Mr. Outlaw argues that it was a denial of due process for the DHB to have denied his request for a continuance as required by state policy. This is not the first time that he has presented this

argument either. *See Outlaw v. Superintendent*, 3:07-cv-054 (N.D. Ind. filed February 9, 2007), *Outlaw v. Superintendent*, 3:12-cv-126 (N.D. Ind. filed March 13, 2012), *Outlaw v. Superintendent*, 3:12-cv-130 (N.D. Ind. filed March 15, 2012), and *Outlaw v. Superintendent*, 3:12-cv-136 (N.D. Ind. filed March 20, 2012). Mr. Outlaw knows that even though *Wolff v. McDonnell*, 418 U.S. 539 (1974), requires that an inmate be given 24 hour advance written notice of the factual basis of the charges against him, *Wolff* does not require that a prisoner be granted a continuance. He knows that habeas corpus relief can only be granted for violations of "the Constitution, laws, or treaties of the United States" *Estelle v. McGuire* , 502 U.S. 62, 67-68 (1991), not "for errors of state law." *Id.* He knows that the denial of a continuance is not a basis for habeas corpus relief.

Mr. Outlaw argues that it was a denial of due process for the DHB to have refused to permit him to question the witnesses against him. This too is a recycled argument. *See Outlaw v. Superintendent*, 3:12-cv-126 (N.D. Ind. filed March 13, 2012) and *Outlaw v. Superintendent*, 3:12-cv-130 (N.D. Ind. filed March 15, 2012). Mr. Outlaw knows that an inmate has "no right to confront or cross-examine adverse witnesses in his disciplinary proceeding." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). He knows that this is not a basis for habeas corpus relief.

Finally, Mr. Outlaw argues that his hearing officer was biased. Again, Mr. Outlaw knows the legal standard for such a claim, *see Outlaw v. Superintendent*, 3:12-cv-126 (N.D. Ind. filed March 13, 2012) and *Outlaw v. Superintendent*, 3:12-cv-136 (N.D. Ind. filed March 20, 2012), yet he does not even attempt to apply it. He knows that "adjudicators are entitled to a presumption of honesty and integrity and thus the constitutional standard for impermissible bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). He knows that "due process is satisfied so long as no member of the disciplinary board has been involved in the investigation or prosecution of the

4

particular case, or has had any other form of personal involvement in the case." *Wolff*, 418 U.S. 539, 592-593. Yet he argues here that the hearing officer was biased merely because he received a second written report of his disciplinary hearing. He argues that the hearing officer was biased because the second report (dated four days after the hearing) provides a slightly different explanation for why Mr. Outlaw's requests for evidence and witness statements were denied. It is unclear why the second report was written, but perhaps it was done in an attempt to clarify the first one. Writing the second report might demonstrate diligence or attention to detail. What it does not do is even hint that the hearing officer was biased or not impartial.

Mr. Outlaw was not denied due process during this prison disciplinary hearing and he is not entitled to habeas corpus relief. For the foregoing reasons, the habeas corpus petition [DE 1] is DENIED.

Entered: November 27, 2012

                                                                         s/William C. Lee  
                                                                         William C. Lee, Judge  
                                                                         United States District Court